IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 10, 2008

Charles R. Fulbruge III
Clerk

No. 08-50368
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO RUIZ-ESPINOZA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-3063-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sergio Ruiz-Espinoza (Ruiz) pleaded guilty to the charge of reentering the United States illegally after having been deported previously. Because Ruiz had been convicted previously of a crime of violence, Ruiz's offense level was adjusted upward by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Ruiz requested a variance from the guidelines sentence. The request was denied, and Ruiz was sentenced at the bottom of the guidelines range to a 37-month term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment and to a three-year period of supervised release. Ruiz gave timely notice of his appeal.

Ruiz contends that his sentence of imprisonment was greater than necessary to accomplish the goals of sentencing listed in 18 U.S.C. § 3553(a)(2). Ruiz concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. See United States v. Campos-Maldonado, 531 F.3d 337, 338 (5th Cir.), cert. denied, 129 S. Ct. 328 (2008); United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir. 2008).

Citing Kimbrough v. United States, 128 S. Ct. 558, 574-75 (2007), Ruiz contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported. In support of his contention that application of the Guideline results in sentences that are arbitrarily harsh, he notes that his prior conviction was too remote to be considered in determining his criminal history score but was considered in applying the 16-level offense-level adjustment under § 2L1.2. Ruiz points out that the instant offense did not involve violent conduct and did not pose a danger to others. He contends that the offense was not inherently evil and "was, at bottom, an international trespass." He contends also that the guidelines range did not account for his benign motivation for reentering the United States—to be with and support his children.

We decline to reconsider the application of the presumption in light of the undeveloped record. Ruiz's reliance upon Kimbrough to challenge the appellate presumption is misplaced, and he has failed to show that the presumption should not be applied. The district court considered Ruiz's request for leniency in light of his personal circumstances, but it ultimately determined that a sentence within the guidelines range was appropriate. Ruiz's within-guidelines sentence is presumptively reasonable. See Campos-Maldonado, 531 F.3d at 338; Gomez-Herrera, 523 F.3d at 565-66. Because Ruiz has failed to make a showing sufficient to rebut that presumption, the district court's judgment is AFFIRMED.